UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOUGLAS A. REAVES, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18-cv-00084-JPH-MJD |
| OFFICER DAVIS, et al. | ) |
| Defendants. | ) |

**Entry Addressing Pending Motions**

**I.**
**Plaintiff's Motion to Strike and Motion for Extension of Time**

The plaintiff's motion to strike the motion for summary judgment filed by defendants Donna Archer, Nicol Brooks, Stefanie Dyar, and Sherry Snyder, dkt. [104], is **denied**. Under Federal Rule of Civil Procedure 56(d), the Court may allow time to take discovery if a nonmovant demonstrates an inability to present facts sufficient to justify its opposition. Fed. R. Civ. P. 56(d)(2). Thus, an extension of time to respond to the motion for summary judgment is appropriate relief.

Accordingly, the plaintiff's motion for extension of time, dkt. [112], is **granted** to the extent that the plaintiff shall have **through January 10, 2020,** to respond to the motion for summary judgment filed by defendants Donna Archer, Nicol Brooks, Stefanie Dyar, and Sherry Snyder.

**II.**
**Plaintiff's Motion to Appoint Counsel**

The plaintiff has filed a motion to appoint counsel, asking the Court either to appoint counsel to assist the plaintiff during his deposition or to allow an inmate civil law practitioner to

1

attend the deposition to assist the plaintiff. Dkt. 113. In denying two previous motion to appoint counsel, the Court found that the plaintiff is competent to litigate this action on his own. Dkt. 59; dkt. 91. The plaintiff has familiarity with the factual circumstances surrounding his legal claims, and he has demonstrated that he understands and is able to articulate his claims and the circumstances that produced them.

The plaintiff's renewed motion to appoint counsel on the basis that he will be deposed does not present any information to change the Court's analysis. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel, even for depositions. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). The plaintiff's demonstrated understanding of his claims and his familiarity with the factual circumstances underlying them indicate that he is able to proceed on his own, including by answering questions in a deposition. For these reasons, the plaintiff's motion to appoint counsel, dkt. [113], is **denied without prejudice.**

### III.
### Defendant Riggs's Motion for Extension of Time

Defendant Barbara Riggs's motion for extension of time, dkt. [119], is **granted** to the extent that the following deadlines established in the scheduling order of July 2, 2019, are extended as noted:

Paragraph F – **No later than December 23, 2019** – The parties shall complete written discovery and discovery depositions pursuant to Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure. This means discovery must be served 30 days before the deadline to allow time for a response.

Paragraph G – **No later than January 24, 2020** – Any party who believes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, and

therefore the case does not need to go to trial, must file its motion under Federal Rule of Civil Procedure 56 and Local Rule 56-1.

**SO ORDERED.**

Date: 11/20/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DOUGLAS A. REAVES
881987
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Alex Maurice Beeman
REMINGER CO. LPA (Indianapolis)
abeeman@reminger.com

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Britney Jade McMahan
KATZ KORIN CUNNINGHAM, P.C.
bmcmahan@kkclegal.com

Ronald A. Mingus
REMINGER CO. LPA (Indianapolis)
rmingus@reminger.com