UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DOUGLAS A. REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00084-JPH-MJD |
| | ) | |
| BARBARA RIGGS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Pending Motions**

On September 30, 2020, the Court granted the motions for summary judgment filed by defendants Nurse Archer and Nurse Riggs, granted plaintiff Douglas Reaves's request to voluntarily dismiss the claims against three other defendants, and entered final judgment. *See* dkts. 164, 165. Mr. Reaves thereafter filed several motions including a motion for change of judge and motion to reconsider. Dkts. 167, 168, 173, 174. The Court now addresses all pending motions.

**I. Motion for Change of Judge**

In his motion for change of judge, Mr. Reaves asks for reconsideration of the motions for summary judgment by a different judge because he asserts the undersigned judge overlooked the evidence and arguments submitted by the parties. Dkt. 167. This motion is understood to be a motion to recuse.

A federal judge must recuse himself in two situations.[1] Under 28 U.S.C. § 455(a), a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard in any case for a § 455(a) recusal is whether the

---

[1] Mr. Reaves contends that he is entitled to a change of judge under Federal Rule of Civil Procedure 76. *See* dkt. 174 at 2-3. However, there is no Rule 76 currently in effect.

judge's impartiality could be questioned by a reasonable, well-informed observer." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). In *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996), the court stated that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry."

Under § 455(b)(1), a judge must recuse himself if "he has a personal bias or prejudice concerning a party." To disqualify a judge under this provision, the party must prove bias "by compelling evidence" and "[t]he bias or prejudice must be grounded in some personal animus or malice that the judge harbors . . . of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (internal quotation marks omitted).

Mr. Reaves's motion satisfies neither of these requirements. Accordingly, the motion for change of judge, dkt. [167], is **denied**.

## II. Motion to Reconsider

Mr. Reaves also seeks reconsideration of the Court's Order on the motions for summary judgment under Federal Rule of Civil Procedure 59(e). Dkt. 168, 169. To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted).

Mr. Reaves contends that the Court committed manifest error. Dkt. 168 at 2. A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Ill*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment

of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Because motions for reconsideration are "not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion," *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996), they should be used only in rare circumstances, such as where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension," or where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted).

Although Mr. Reaves presents several challenges to the Court's consideration of the motions for summary judgment, his arguments display mere disagreement with the Court's analysis of the evidence and arguments presented. Despite Mr. Reaves's assertions to the contrary, the Court engaged in an extensive review of all of the evidence and arguments submitted by the parties when evaluating the motions for summary judgment. The Court has also considered the arguments presented in Mr. Reaves's motion to reconsider, and it concludes that he has not "clearly establish[ed] . . . that the court committed a manifest error of law or fact." *See Edgewood Manor Apartment Homes, LLC*, 773 F.3d at 770. Thus, Mr. Reaves's motion for reconsideration, dkt. [168], is **denied**.

### III. Conclusion

Mr. Reaves's motion for change of judge, dkt. [167], and motion for reconsideration, dkt. [168], are **denied**. His motion for leave to file surreply, dkt. [174], is **granted**, and the Court considered the arguments presented therein in its evaluation of the motion for change of judge and

motion for reconsideration. Mr. Reaves's motion for court's assistance, dkt. [173], is **granted** to the extent the defendants received notice of Mr. Reaves's request for change of judge and responded to that request in their response to Mr. Reaves's notice of correspondence to chief justices. *See* dkt. 171.

Defendant Barbara Riggs's motion to join co-defendant's response, dkt. [172], is **granted**.

**SO ORDERED.**

Date: 10/28/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DOUGLAS A. REAVES
881987
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Alex Maurice Beeman
REMINGER CO. LPA (Indianapolis)
abeeman@reminger.com

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com

Ronald A. Mingus
REMINGER CO. LPA (Indianapolis)
rmingus@reminger.com