UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DOUGLAS A. REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00084-JPH-MJD |
| | ) | |
| BARBARA RIGGS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion to Reconsider**

On November 12, 2020, the Court granted plaintiff Douglas Reaves's motion to proceed

on appeal *in forma pauperis* and assessed an initial partial filing fee of $45.28. Dkt. 181. Defendant

Donna Archer then filed a motion to reconsider that order. Dkt. 183. Mr. Reaves has responded to

the motion to reconsider, and Ms. Archer has replied. For the reasons explained below, the motion

to reconsider, dkt. [183], is **denied**.

Section 1915(a) authorizes a court to allow the commencement of a civil case or appeal,

"without prepayment of fees or security therefor, by a person who submits an affidavit that includes

a statement of all assets such prisoner possesses that the person is unable to pay such fees or give

security therefor." 28 U.S.C. § 1915(a)(1). If a prisoner brings a civil suit or files an appeal *in*

*forma pauperis*, a court shall access and collect "an initial partial filing fee of 20 percent of the

greater of— (A) the average monthly deposits to the prisoner's account; or (B) the average monthly

balance in the prisoner's account for the 6-month period immediately preceding the filing of the

complaint or notice of appeal." *Id.* § 1915(b)(1).

According to the "Certificate of Prisoner Account" submitted with Mr. Reaves's motion to

proceed on appeal *in forma pauperis*, the balance in his account as of October 20, 2020, was $5.16.

1

*See* dkt. 177-1 at 1. The average monthly balance for his account during the preceding six months was $226.38. *Id.* The Court assessed an initial partial filing fee based on the higher of these two amounts—the average monthly balance for Mr. Reaves's account. Twenty percent of $226.38 is $45.28, and this is the initial partial filing fee assessed by the Court. *See* dkt. 181.

Ms. Archer seeks reconsideration of this calculation, arguing that the initial partial filing fee is too low. Ms. Archer is incorrect. First, she calculates the average monthly balance of Mr. Reaves's account using funds that were deposited and withdrawn in April 2020. *See* 183-1 at 2. The Court cannot consider these deposits and withdrawals, however, because § 1915(b)(1) instructs courts to consider the six-month period "immediately preceding" the filing of the notice of appeal. *See* 28 U.S.C. § 1915(b)(1). Because Mr. Reaves filed his notice of appeal on November 10, 2020, *see* dkt. 176, the applicable six-month period began May 10, 2020, and the Court cannot consider deposits and withdrawals made before that date.

Second, in addition to using information outside the applicable six-month period, Ms. Archer assumes that Mr. Reaves's account balance was $0.00 on the date she began her calculations. The Court cannot accept this assumption. Although the account statement attached to Mr. Reaves's motion to proceed on appeal *in forma pauperis* does not provide enough information to calculate the average monthly balance in Mr. Reaves's account beginning on May 10, 2020, because it does not provide the account balance as of that date, the average monthly balance of Mr. Reaves's account was provided in the certified statement from a prison official submitted by Mr. Reaves. *See* dkt. 177-1 at 1. Ms. Archer's incomplete calculations that include improper deposits and withdrawals are not sufficient evidence to refute that certified statement.[1]

---

[1] Were the Court to employ the same assumption as Ms. Archer and calculate Mr. Reaves's average monthly balance beginning on May 10, 2020, and use a balance of $0.00 as of that date, Mr. Reaves's initial partial filing fee would be calculated using the average monthly deposits into his account because the withdrawals from his account are significantly greater than the deposits into his account. An initial partial filing fee

Finally, Ms. Archer contends that the Court should have denied Mr. Reaves's motion to proceed on appeal *in forma pauperis* or assessed a higher initial partial filing fee because Mr. Reaves has outstanding filing fees in another appeal. *See* dkt. 183 at 2-3. This argument is unavailing because the only proscriptions against allowing a prisoner to proceed on appeal *in forma pauperis* are § 1915(a)(3) and § 1915(g). In granting Mr. Reaves's motion for leave to proceed on appeal *in forma pauperis* the Court concluded that the appeal was taken in good faith rendering § 1915(a)(3) inapplicable to Mr. Reaves. Section 1915(g) is similarly inapplicable to Mr. Reaves because he has not brought cases on three or more prior occasions that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

For these reasons, Ms. Archer has not clearly established that the Court committed error in granting Mr. Reaves leave to proceed on appeal *in forma pauperis* and assessing an initial partial filing fee of $45.28. Her motion to reconsider, dkt. [183], is **denied**. Mr. Reaves shall continue to have **through December 28, 2020**, to pay the $45.28 initial partial filing fee to the clerk of the district court.

**SO ORDERED.**

Date: 12/4/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

based on the average monthly deposits into Mr. Reaves's account would be $13.53, or much less than the initial partial filing fee assessed by the Court.

Distribution:

DOUGLAS A. REAVES
881987
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Alex Maurice Beeman
REMINGER CO. LPA (Indianapolis)
abeeman@reminger.com

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com

Ronald A. Mingus
REMINGER CO. LPA (Indianapolis)
rmingus@reminger.com